United States District Court
Southern District of Texas
**ENTERED**
December 21, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH COSTELLO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-19-4898 |
| | § | |
| CHILD PROTECTIVE SERVICES and TONYA ROGERS, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending in this case in which Plaintiff, proceeding *pro se*, complains about the termination of his parental rights, is Defendants' Motion to Dismiss (Document No. 16). Having considered that motion, the absence of a substantive response to the motion, Plaintiff's allegations in this case, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendants' Motion to Dismiss (Document No. 16) be GRANTED.

This case, filed by Plaintiff Joseph Costello *pro se* as a "Writ of Mandamus objecting judgment at the advisory hearing," is based on Costell's complaints about the termination of his parental rights. According to Costello, the reasons for terminating his parental rights to Gloria are unsupported, inaccurate and untrue. Costello seeks, as relief, "that the case be looked over again." (Document No. 1 at 9).

Defendants, in their Motion to Dismiss, argue that dismissal of Plaintiff's claim(s) is warranted on a myriad of bases, including: (1) for frivolousness; (2) for lack of standing; (3) as barred by Eleventh Amendment immunity; 4) as barred by the *Rooker-Feldman* doctrine; (5) as barred by absolute immunity; (6) as barred by qualified immunity; and (7) for failure to state a claim

upon which relief may be based. While asking again in response to Defendants' Motion to Dismiss that his case be "reevaluated" (Document No. 20), Costello does not substantively respond to any of the argued bases for dismissal of his claim(s). Because the *Rooker-Feldman* doctrine argument is both jurisdictional and dispositive, it will be addressed first.

The *Rooker-Feldman* doctrine provides that federal district courts have "no authority to review final judgments of a state court in judicial proceedings." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). That means that "federal courts do not have subject matter jurisdiction in 'cases brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Boatwright v. Plumley*, No. 3:20-cv-00043-l (BT), 2020 WL 4550418 (N.D. Tex. June 25, 2020) (quoting *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)), *report and recommendation adopted*, 2020 WL 4530368 (N.D. Tex. Aug. 5, 2020).

Here, while construing Plaintiff's allegations liberally given his *pro se* status, nothing in plaintiff's allegations seeks anything more than a re-evaluation of the state courts' decision to terminate his parental rights. As such a re-evaluation would run afoul of the *Rooker-Feldman* doctrine, the Magistrate Judge concludes that the Court does not have subject matter jurisdiction over this case or the claim(s) asserted by Plaintiff against Defendants. *See e.g., Boatwright*, 2020 WL 4550418 at *2 (Court lacked subject matter jurisdiction over Plaintiff's claims challenging the state court decision terminating her parental rights); *Minor v. Child Protective Agency*, No. SA-20-CV-00405-OLG, 2020 WL 2198164 *3 (W.D. Tex. May 6, 2020) ("to the extent that this is an attempt to obtain judicial review of a state custody decision, the case would be barred by the Rooker-

Feldman doctrine"). Accordingly, it is

RECOMMENDED that Defendants' Motion to Dismiss (Document No. 16) be GRANTED and this case be DISMISSED WITH PREJUDICE for lack of subject matter jurisdiction.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(c), FED. R. CIV. P. 72(b) to the Recommendation made herein as to Defendants' Motion to Dismiss. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 21st day of December, 2020.

Frances H. Stacy
United States Magistrate Judge